UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
VENUS STINNETT,

                Plaintiff,

                                      **PLAINTIFF DEMANDS A**
                                      **JURY TRIAL**

        v.

DELTA AIR LINES, INC. and
QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.
                        Defendants.
-------------------------------------------------------X

Plaintiff, VENUS STINNETT, through her counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), Americans with Disabilities Action of 1990 ("ADA"), New York City Human Rights Law, *et. seq.* ("NYCHRL"), New York State Human Rights Law, and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to gender discrimination, disability discrimination, hostile work environment, retaliation, wrongful discharge, and negligence.

2. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under Title VII of the Civil Rights Act and 28 U.S.C. § 1332 due to the case and controversy being in excess of seventy-five thousand dollars ($75,000). The Court also has supplemental jurisdiction over the State and City Causes of Action.

3. Plaintiff filed an Equal Employment Opportunity Commission Charge on March 5,

2015.

4. On May 17, 2016, the EEOC mailed to Plaintiff a Right to Sue Letter.

5. Plaintiff received the Right to Sue on or around May 20, 2016.

6. Plaintiff completed all of her administrative prerequisites and filed her complaint within 90 days of receipt of the Right to Sue Letter.

## **FACTS**

7. Plaintiff VENUS STINNETT (hereinafter referred to as Plaintiff or "STINNETT") is seeking damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of her sex/gender and disability together with hostile work environment and wrongful termination.

8. Plaintiff is an individual female who is a resident of the State of Florida, County of Pasco.

9. At all times material, Defendant DELTA AIRLINES, INC., (hereinafter referred to as "Defendant" and/or "Delta") is a foreign business corporation duly existing by virtue of the laws of the State of Delaware that does business in the State of New York.

10. At all times material, Defendant Quest Diagnostics Clinical Laboratories, Inc., (hereinafter referred to as "Defendant" and "Quest") is a foreign business corporation duly existing by virtue of the laws of the State of Delaware that does business in the State of New York.

11. Defendant Quest offers clinical testing throughout the United States.

12. Around May 2007, Plaintiff commenced her employment with Defendant Delta as a Flight Attendant.

13. Plaintiff's duties included but were not limited to the overseeing the safety of the

2

passengers, inspection of equipment on the aircraft, and operation of the doors and windows.

14. Plaintiff often received positive performance evaluations from passengers and Defendant Delta.

15. Plaintiff received a commendation for "exceptional customer service" from Defendant Delta on February 11, 2014.

16. Plaintiff also received positive performance evaluations from

17. In 2007, Plaintiff started to undergo fertility treatments in an effort to facilitate pregnancy. Plaintiff was approved for Family Medical Leave Act (FMLA).

18. Plaintiff suffered several miscarriages throughout the years.

19. One of the medications prescribed to her is amoxicillin.

20. Plaintiff informed Defendant Delta that she was on several medications as part of her fertility treatment.

21. Plaintiff has a disability called Polycystic Ovarian Syndrome and asthma.

22. Plaintiff informed Defendant Delta of her disability.

23. Defendant's human resources threatened to suspend Plaintiff for an unapproved absence despite Plaintiff's having approved FMLA leave.

24. Plaintiff stated that she was being discriminated against and that she would sue Defendant.

25. The daily activities affected by Plaintiff's disability were: standing and walking.

26. This disability when active affects several of Plaintiff's routine daily activities: standing, walking, and makes her bedridden.

27. Defendant were informed of the effects of Plaintiff's disability.

28. Plaintiff informed Defendant Delta every time she was prescribed a new medication.

29. On or about April 21, 2014, Plaintiff began to experience a severe nose bleed.

30. Plaintiff nose continued to hemorrhage blood uncontrollably.

31. Once arriving at the Dominican Republic, Plaintiff called her doctor, Alan D. Morris, who provided Plaintiff with a prescription for Cocaine HCL 4%, a topic solution used to stop bleeding in the nasal cavity.

32. Plaintiff went to the nearest pharmacy, "Monte Rico" to fill out the prescription.

33. Plaintiff applied the topic at least seven times over the course of twenty-four hours to stop the bleeding.

34. Later that evening, Plaintiff attended dinner with her co-workers. At no point was she intoxicated.

35. On or about April 23, 2014, Plaintiff boarded her return flight.

36. Plaintiff was stationed in the back gallery during the flight.

37. Plaintiff experienced another nose bleed and went to the rest room to administer her medication.

38. While disembarking at JFK, Defendant informed Plaintiff that she was to take an alcohol and drug test.

39. Plaintiff informed Mr. Gilmartin, one of the Defendant's managers at the JFK International Airport, that she was currently on medications that might generate a false positive for cocaine.

40. The test results stated that Plaintiff tested positive for cocaine and for alcohol intoxication. The result stated that Plaintiff's blood alcohol content was a .175%,

41. Plaintiff's doctor, Alan D. Morris, informed Defendant that the "blood ethanol level

4

quoted to me must have been a laboratory error. A level that high in a person of Ms. Stinnett's size would have a significant observable signs of acute intoxication if not a loss of consciousness and possibly coma."

42. Plaintiff obviously tested positive for cocaine because she had used a Cocaine HCL 4% solution as prescribed by her doctor to treat a severe nosebleed.

43. Furthermore, it is medically proven that amoxicillin, which Plaintiff takes as part of her fertility treatments, can generate a false positive for cocaine.

44. Therefore, the combination of the cocaine solution with amoxicillin clearly demonstrates that the test results were an explainable false positive.

45. Defendants chose to ignore the evidence that Plaintiff had never tested positive in the past for illegal drugs. Plaintiff had lawfully used a cocaine solution to treat a nosebleed, and that she was taking amoxicillin as a part of her fertility treatments.

46. Defendant Quest should have re-tested Plaintiff upon the disclosure of the several drugs she was currently taking to improve her fertility and to stop nosebleeds.

47. Defendant Quest had a duty to re-test Plaintiff after the disclosure of the various drugs Plaintiff ingested.

48. As the company chosen by Defendant Delta to drug test employees, Defendant Quest had a duty to properly administer Plaintiff's test using all of the available information and they failed in their duty.

49. Defendant Quest's breach caused Plaintiff to lose her job and suffer financial and mental losses.

50. Defendant Delta informed Plaintiff that if she attended an alcohol and drug rehabilitation program, Delta would reinstate Plaintiff.

51. Although Plaintiff did not use illegal drugs, Plaintiff attended the rehabilitation program as instructed.

52. Plaintiff received excellent evaluations during her enrollment in rehabilitation.

53. In fact, one of counselors at the rehabilitation center stated that Plaintiff did not belong in rehab.

54. Plaintiff successfully completed the program.

55. However, to date, Defendant Delta failed to reinstate Plaintiff.

56. Defendant Delta reinstated several employees after they completed the rehabilitation program.

57. In fact, Defendant Delta reinstated several men with a clear drug/alcohol disability but refused to reinstate Plaintiff.

58. Plaintiff's wrongful termination was pretexual.

59. Defendant Delta mailed Plaintiff a notice dated June 19, 2014 advising her that she was terminated due to a Written review from October 2014.

60. Plaintiff was not employed by Defendant Delta on or about October 11, 2014 as stated in the notice.

61. Due to Defendant's negligence and wrongful termination Plaintiff has been unable to find employment.

62. Defendants discriminated against Plaintiff on the basis of her disability and gender.

63. Due to Defendant's Delta discriminatory actions Plaintiff has suffered economic and emotion distress.

6

64. Plaintiff has applied for several positions at other airlines and has not found employment. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

65. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

66. As Defendant Delta's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

67. As a result of Defendant Delta's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

68. As a result of the Defendant Delta's discriminatory and intolerable treatment of Plaintiff, she has suffered severe emotional distress and physical ailments.

69. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

7

70. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, the Plaintiff demands Punitive Damages as against all the Defendants severally.

71. Defendant Delta has a pattern and practice of discrimination.

72. The above are just some of the examples of unlawful conduct to which Defendants subjected Plaintiff to on an ongoing continuous basis.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer Practices; it shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

75.  Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender and sex.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)

8

provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

78. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq*. by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of her opposition to the unlawful employment practices of Defendant.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

81. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender/sex and disability.

82. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

9

**AS A FOURTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

83. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

84. New York State Executive Law §296(7) provides that it shall be an unlawful

85. discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

86. Defendant engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

**AS A FIFTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

87. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

88. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

89. Defendant engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

**AS A SIXTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**

90. Plaintiff repeats and realleges each and every allegation made in the above

10

paragraphs of this complaint.

91. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

92. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender/sex, disability and hostile work environment.

93. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of New York City Administrative Code Title 8.

**AS A SEVENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**

94. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

95. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

11

96. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

### AS AN EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE

97. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

98. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be

99. unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

100. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS AN NINTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### SUPERVISORY LIABILITY

101. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

102. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

a. An employer shall be liable for an unlawful discriminatory practice based upon the

conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

i. the employee or agent exercised managerial or supervisory responsibility; or

ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

103. Defendant violated the above section as set forth herein.

## AS A TENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

104. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

105. New York City Administrative Code Title 8-107(19) Interference with protected rights.

106. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided

13

or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

107. Defendant violated the section cited herein as set forth.

## AS AN ELEVENTH CAUSE OF ACTION AMERICANS WITH DISABILITIES ACT

108. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

109. Plaintiff claims Defendant violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

110. SEC. 12112. [Section 102] specifically states (a) General rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

111. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A TWELFH CAUSE OF ACTION RETALIATION UNDER AMERICAN DISABILITES ACT

112. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

113. SEC. 12203. [Section 503] states; (a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made

unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

114. Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRTIETH CAUSE OF ACTION NEGLIGENCE AGAINST DEFENDANTS

115. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

116. Defendants owed a duty to Plaintiff to perform their duties without causing damage to Plaintiff's livelihood.

117. Defendants breached their duty by not performing drug test without using all the information necessary to gain an accurate measure of Plaintiff's blood.

118. Defendants breached their duty by failing to take reasonable steps to stop and/or prevent further damage to Plaintiff's job and reputation.

119. Defendants' conduct proximately caused the release of incorrect information that caused Plaintiff to be terminated from her position, attend rehabilitation, and be able to attain employment on any airlines due to her false positive for cocaine.

120. The failure of Quest to properly test Plaintiff constitutes a cognizable injury for which relief should be granted.

121. Defendant Delta's failure to provide Defendant Quest with the proper information regarding Plaintiff's medical history constitutes a cognizable injury for which relief should be granted.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendant, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:   New York, New York
         August 15, 2016

DEREK SMITH LAW GROUP PLLC


By: _____


John C. Luke, Jr., Esq.
30 Broad Street, 35th Floor
New York, New York 10004
Tel. (212) 587-0760
Fax. (212) 587-4169
*Attorneys for Plaintiff*